# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAINE HUNTER,<br><br>          Plaintiff,<br><br>    v.<br><br>YATES, et. al.,<br><br>          Defendants.<br>_____/ | 1:07-cv-00151-AWI-SMS-PC<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST FOR REMAND<br>(Docs. 16, 17.)<br><br>OBJECTIONS, IF ANY, DUE IN 30 DAYS |

## I. RELEVANT PROCEDURAL HISTORY

Tremaine Hunter ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action in the Fresno County Superior Court on November 29, 2006. The action was removed to federal court by the defendants and received on January 24, 2007. (Docs. 1, 5.) On January 30, 2008 and January 31, 2008, plaintiff filed a request for the court to remand this action to the Fresno Superior Court. (Docs. 15. 16.) Defendants filed a response in opposition on February 5, 2008. (Doc. 17.)

## II. REMOVAL

Removal of an action under 28 U.S.C. § 1441(b) depends solely on the nature of the plaintiff's complaint, and is properly removed only if "a right or immunity created by the Constitution or laws of the United States [constitutes] an element, and an essential one, of the plaintiff's cause of action." Gully v. First National Bank in Meridian, 299 U.S. 109, 112 (1936).

1  The plaintiff is the master of his or her own complaint and is free to ignore the federal cause of
2  action and rest the claim solely on a state cause of action. See The Fair v. Kohler Die & Specialty
3  Co., 228 U.S. 22, 25, (1913); Jones v. General Tire & Rubber Co., 541 F.2d 660, 664 (7th
4  Cir.1976); La Chemise Lacoste v. Alligator Co., 506 F.2d 339, 346 (3d Cir.1974), cert. denied,
5  421 U.S. 937 (1975).  However, under 28 U.S.C. § 1441(a), a defendant may remove from state
6  court any action "of which the district courts of the United States have original jurisdiction."
7  Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution,
8  laws, or treaties of the United States." 28 U.S.C. § 1331.

9  **III.    DISCUSSION**

10          Plaintiff argues that this action should be remanded to the Fresno Superior Court in the
11 interest of judicial economy because the case had already been placed on a case management
12 schedule at the superior court when defendants removed the case.  Defendants argue that this
13 action properly satisfies the requirements for federal subject matter jurisdiction under 28 U.S.C.
14 § 1331 and therefore was properly removed.   Although plaintiff's original complaint was
15 primarily couched as claims under California state tort law, plaintiff also alleged "violation[s] of
16 his [rights under the ] 8th and 14th Amendments to the United States Constitution." (Cmp. at 4
17 ¶4.)  Therefore, the court finds that the federal court had jurisdiction over the original complaint
18 and the removal was proper.  Plaintiff submitted his first amended complaint on a form for a civil
19 rights action under 42 U.S.C. § 1983 and, as such, the amended complaint clearly presents a
20 federal question. (Amd. Cmp, Doc. 8.)  Moreover, in his request for remand, plaintiff states that
21 "[t]his is a civil action filed by the plaintiff Tremaine Hunter alleging violations of State Tort
22 laws and the U.S. Constitution amendment 8." (Request for Removal at p 3 ¶1.)  As for
23 plaintiff's argument that the case should be remanded in the interest of judicial economy, this
24 argument is not a sufficient reason to remand the case.  As stated above, removal of an action
25 under 28 U.S.C. § 1441(b) depends solely on the nature of plaintiff's complaint. Gully, 299 U.S.
26 at 112.  Accordingly, plaintiff's request for remand should be denied.
27 ///
28 **IV.    CONCLUSION**

1  Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's request for
2 remand be DENIED.
3  These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
5 thirty days after being served with these findings and recommendations, plaintiff may file written
6 objections with the court.  Such a document should be captioned "Objections to Magistrate
7 Judge's Findings and Recommendations."  The parties are advised that failure to file objections
8 within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>
9 <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
10 IT IS SO ORDERED.
11 **Dated:   July 21, 2008**                  /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE