**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAINE HUNTER, | CASE NO. 1:07-cv-00151-AWI-SMS-PC |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO FILE SECOND AMENDED COMPLAINT |
| v. | |
| JAMES YATES, et al., | (Doc. 8) |
| Defendants. / | RESPONSE DUE IN THIRTY DAYS |

**I.    Screening Requirement**

Plaintiff Tremaine Hunter ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action in Fresno County Superior Court on November 29, 2006. On January 29, 2007, Defendants removed the action to the United States District Court for the Eastern District of California. The Court dismissed Plaintiff's complaint with leave to amend on February 1, 2007, for failure to state a claim. Currently before the Court is Plaintiff's first amended complaint ("the complaint"), filed on February 26, 2007.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

### A. Summary of First Amended Complaint

Plaintiff is state prisoner housed at Pleasant Valley State Prison in Coalinga, California. On December 12, 2006, while housed at Pleasant Valley State Prison, Plaintiff learned that he had contracted a disease commonly known as Valley Fever. The complaint names Pleasant Valley State Prison's Warden, James Yates, and Chief Doctor, F. Igbinosa, as Defendants. Plaintiff alleges that Defendant Yates and Defendant Igbinosa ("Defendants") were aware of an excessively high risk of contracting Valley Fever within Pleasant Valley State Prison and that Defendants were also aware that Valley Fever is potentially fatal. According to the complaint, Defendants attempted to suppress information concerning the risk of Valley Fever at Pleasant Valley State Prison. Plaintiff alleges that Defendants have a duty to cause Plaintiff to be transferred to a safer facility and that failure to do so constitutes deliberate indifference to his safety.

#### 1. Monetary Damages

Plaintiff seeks to recover monetary damages from the Defendants, however, the Eleventh Amendment bars damages actions against state officials in their official capacity. See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997). Where a plaintiff is seeking damages against a state official, such as in the instant action, a personal-capacity suit is "necessarily implied" because an official-capacity suit would be barred. See Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 973 n.16 (9th Cir. 1994); Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir.

1991). To the extent Plaintiff seeks to sue Defendants for monetary damages in their official capacities, such claims are not cognizable. E.g., Cerrato, 26 F.3d at 973.

### 2. Declaratory Relief

The complaint asks the Court to declare that Defendants acted with deliberate indifference to Plaintiff's medical needs. "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that Defendants violated plaintiff's rights is unnecessary.

### C. Plaintiff's Eighth Amendment Claim

Although not specifically enumerated in the complaint, Plaintiff's allegations concern his Eighth Amendment right to adequate conditions of confinement. In order for a prison official to be liable for violating a prisoner's Eighth Amendment right to safe conditions of confinement, the prisoner must first show that he is incarcerated under conditions posing a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 834-35 (1994). Once the prisoner has demonstrated substantial risk of serious harm, he must then show that prison officials acted with deliberate indifference to his health or safety. Id. A prison official cannot be found liable under the Eighth Amendment for denying a prisoner humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. Id. at 836. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior, and therefore, when a named defendant holds a supervisory position, the causal link between her and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).

The complaint fails to allege that either Defendant committed any specific acts that led to a deprivation of Plaintiff's constitutional rights. For example, the complaint does not allege that the acts or omission of either Defendant caused an excessively high risk of exposure to Valley Fever within Pleasant Valley State Prison. The complaint also fails to allege that either Defendant was involved in denying Plaintiff's request for transfer. In fact, the complaint is unclear as to whether or not Plaintiff ever formally requested a transfer through the appropriate channels.[1] The complaint thus fails to state any claim against either Defendant. The Court will provide Plaintiff with the opportunity to file an amended complaint.

### III.  Conclusion and Order

Plaintiff's first amended complaint is dismissed, with leave to amend to cure the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

---

[1] The complaint does allege that both Defendants failed to order the transfer of Plaintiff to another facility. However, the complaint does not plead facts sufficient to show that Defendants' failure to pro-actively transfer Plaintiff constituted deliberate indifference to a serious risk of harm to Plaintiff..

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's first amended complaint is dismissed, with leave to file a second amended complaint within **thirty (30) days** from the date of service of this order; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   November 26, 2008**            /s/ Sandra M. Snyder
                              UNITED STATES MAGISTRATE JUDGE