# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAINE HUNTER,<br><br>        Plaintiff,<br><br>   v.<br><br>JAMES YATES, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:07-cv-00151-AWI-SMS-PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CLAIM<br><br>(Doc. 21)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Second Amended Complaint**

**I.    Procedural History**

Plaintiff Tremaine Hunter ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action in Fresno County Superior Court on November 29, 2006. On January 29, 2007, Defendants removed the action to the United States District Court for the Eastern District of California.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must

1

contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

After screening the complaint pursuant to 28 U.S.C. § 1915A, the Court dismissed Plaintiff's complaint with leave to amend on February 1, 2007, for failure to state a claim. On February 26, 2007, Plaintiff filed a first amended complaint. The Court screened and dismissed Plaintiff's first amended complaint for failure to state a claim on December 1, 2008. Currently before the Court is Plaintiff's second amended complaint ("the complaint"), filed on January 5, 2009.

**II.     Plaintiff's Claims**

    **A. Summary of the Complaint**

Plaintiff is state prisoner housed at Pleasant Valley State Prison in Coalinga, California (PVSP). Plaintiff alleges he contracted a disease commonly known as valley fever while incarcerated at PVSP. The complaint names PVSP's Warden, James Yates, and Chief Doctor, F. Igbinosa, as Defendants. Plaintiff alleges that Defendant Yates and Defendant Igbinosa ("Defendants") were aware of an excessively high risk of contracting valley fever within PVSP and that Defendants were also aware that valley fever is potentially fatal. According to the complaint, Defendants ignored a memorandum from the California Department of Corrections and Rehabilitation (CDCR) which requires the transfer of valley fever-prone prisoners, such as Plaintiff, from institutions where valley fever is common. Plaintiff alleges that Defendants were aware that Plaintiff was highly susceptible to contracting valley fever but ignored Plaintiff's administrative grievances and refused to transfer Plaintiff out of PVSP. Plaintiff contends that the Defendants' conduct violates Plaintiff's Eighth Amendment rights to humane conditions of

confinement and adequate medical care. Plaintiff also seeks to raise a novel claim not previously raised in Plaintiff's earlier complaints. Plaintiff alleges that PVSP exposes Plaintiff to beverages containing the substance aspartame, which allegedly can cause a range of "serious medical conditions." Second Amended Complaint, p.11: 4-5.

### B. Requests for Relief

#### 1. Injunctive Relief

Plaintiff asks the Court to grant injunctive relief in the form of an order requiring the CDCR to "shutdown" PVSP. Second Amended Complaint, p.12: 26-28. Plaintiff also asks the Court to issue an order requiring the CDCR to place Plaintiff on single cell status for the remainder of his prison term. Second Amended Complaint, p.13: 1-2.

Injunctive relief is "to be used sparingly, and only in a clear and plain case," see Rizzo v. Goode, 423 U.S. 362, 378,(1976) (internal quotation omitted), and any injunctive relief awarded must avoid unnecessary disruption to the state agency's "normal course of proceeding," O'Shea v. Littleton, 414 U.S. 488, 501 (1974). Under the Prison Litigation Reform Act, the Court must find that the prospective relief is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right," before granting injunctive relief. 18 U.S.C. § 3626(a)(1)(2008). Plaintiff's requests for relief are not narrowly drawn. Further, Plaintiff fails to submit sufficient evidence to warrant either a finding of probable success on the merits, or, at a minimum, a serious question of liability. See Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1124 (9th Cir. 2002) (at a minimum, moving party must establish a serious question of liability). Accordingly, Plaintiff is not entitled to the injunctive relief requested.

#### 2. Appointment of Counsel

Plaintiff asks the Court to appoint counsel to represent Plaintiff. The Court may request an attorney to represent any person unable to afford counsel, 28 U.S.C. § 1915 (e)(1)(2008), but only under "exceptional circumstances," Terrel v. Brewer, 935 F.2d 1015,1017 (1991).

///

///

"A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" Id. (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff fails to demonstrate a strong likelihood of success on the merits.  Plaintiff also fails to allege that the case presents complex issues that will make it difficult for Plaintiff to litigate his claims, at least at this early stage in the litigation process.  Plaintiff has properly plead his cognizable claims and has not articulated any facts that demonstrate a need for counsel.  The Court recommends that Plaintiff's request for appointment of counsel be denied, without prejudice.

### C. Eighth Amendment Claims

#### 1. Medical Treatment

In order "to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106,(1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id.

///

Plaintiff alleges that Defendants Yates and Igbinosa had knowledge of Plaintiff's serious medical need to be transferred out of PVSP, but that Defendants repeatedly denied Plaintiff's requests for transfer. Plaintiff further alleges that Defendants ignored the instructions of experts in denying Plaintiff's requests for transfer. Under minimal federal notice pleading standards, the Court finds Plaintiff's allegations are sufficient to allow him to proceed against Defendants Yates and Igbinosa for deliberate indifference to Plaintiff's serious medical needs. Fed. R. Civ. P. 8(a); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Alvarez v. Hill, 518 F.3d 1152, 1157-58 (9th Cir. 2008).

### 2. Conditions of Confinement

In order for a prison official to be liable for violating a prisoner's Eighth Amendment right to safe conditions of confinement, the prisoner must first show that he is incarcerated under conditions posing a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 834-35 (1994). Once the prisoner has demonstrated substantial risk of serious harm, he must then show that prison officials acted with deliberate indifference to his health or safety. Id. A prison official cannot be found liable under the Eighth Amendment for denying a prisoner humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. Id. at 836.

#### a. Exposure to Valley Fever

The complaint alleges that Defendants Yates and Igbinosa had knowledge that Plaintiff was exposed to a high risk of contracting valley fever while incarcerated at PVSP, and that Defendants repeatedly denied Plaintiff's requests for transfer. Under minimal federal notice pleading standards, Plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983 against the Defendants for violation of the Plaintiff's Eighth Amendment right to humane conditions of confinement. Fed. R. Civ. P. 8(a); Erickson, 127 S.Ct. at 2200.

///

///

///

**b. Artificial Sweetener Claim**

Plaintiff alleges that beverages provided at PVSP contain the substance aspartame. Plaintiff's allegations fail to establish that Plaintiff is required to consume beverages containing aspartame or that Defendants had knowledge of aspartame's alleged health risks. Accordingly, Plaintiff's allegations concerning aspartame fail to state a cognizable claim.

Further, the Court takes judicial notice that the United States Food and Drug Administration has approved aspartame, which is sold under trade names such as NutraSweet and Equal, for human consumption. Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, (1992). Plaintiff's allegation that beverages served at PVSP contain artificial sweeteners does not come close to stating an Eighth Amendment violation. Accordingly, the Court recommends dismissal of Plaintiff's claim, with prejudice.

**IV.  Conclusion and Order**

The complaint states claims against Defendants Yates and Igbinosa for violating Plaintiff's Eighth Amendment right to humane conditions of confinement to adequate medical care. The complaint does not state any other claims. Accordingly, the Court recommends that further leave to amend not be granted, and that this action be ordered to proceed only on those claims identified herein as cognizable. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

For the reasons set forth herein, the Court HEREBY RECOMMENDS that:

1. This action proceed as one for money damages on Plaintiff's second amended complaint, filed January 5, 2009, against Defendants Yates and Igbinosa for violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution arising from Plaintiff's valley fever claims;

2. Plaintiff's Eighth Amendment aspartame claim be dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983;

3. Plaintiff's claims for injunctive relief be dismissed; and

4. Plaintiff's request for appointment of counsel be denied, without prejudice

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 30, 2009**              /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE