IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAINE HUNTER, | 1:07-cv-00151-AWI-SMS-PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. 22.) |
| vs. | |
| JAMES YATES, et al., | ORDER FOR ACTION TO PROCEED ON EIGHTH AMENDMENT VALLEY FEVER CLAIMS AGAINST DEFENDANTS YATES AND IGBANOSA, AND DISMISSING ALL REMAINING CLAIMS |
| Defendants. | |
| | ORDER DENYING APPOINTMENT OF COUNSEL |
| _____/ | ORDER REFERRING ACTION TO MAGISTRATE JUDGE |

Tremaine Hunter ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. Plaintiff filed the complaint commencing this action in Fresno County Superior Court on November 29, 2006, against defendants James Yates (Warden) and F. Igbanosa (Chief Medical Dr.). On January 24, 2007, defendants Yates and Igbanosa removed the action to this court. (Doc. 1.) On February 1, 2007, the court dismissed the complaint with leave to amend. (Doc. 6.) On February 26, 2007, plaintiff filed the first amended complaint. (Doc. 8.) On December 1, 2008, the court dismissed the first amended complaint with leave to file a second amended complaint. (Doc. 20.) On January 5, 2009, plaintiff filed the second

1

amended complaint. (Doc. 21.)

On January 30, 2009, findings and recommendations were entered, recommending that this action proceed on plaintiff's Eighth Amendment claims in the second amended complaint, against defendants Yates and Igbanosa based on plaintiff's Valley Fever claims, and that all remaining claims be dismissed. (Doc. 22.) Plaintiff was provided an opportunity to file objections to the findings and recommendations within thirty days. To date, plaintiff has not filed objections or otherwise responded to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73-305, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis. In addition to the reasons cited by the Magistrate Judge, the request for injunctive relief must be dismissed because there are no allegations that the named defendants have the power to shut down PVSP. See Zepeda v. United States I.N.S., 753 F.2d 719, 727 (9th Cir.1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969) (holding that court cannot issue any order against individuals who are not parties to a suit pending before it). There are also no allegations how Plaintiff's request for single celled housing will remedy the injury claimed in the complaint – that Defendants have exposed Plaintiff to an environment where the risk of contracting valley fever is high. See Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997) (finding that a "district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit"); Omega World Travel. Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir.1997) (holding that a "moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint"); Wilson v. Baker, 2008 WL 2825275, *1 (E.D.Cal. 2008).

//

//

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on January 30, 2009, are adopted in full;
2. This action now proceeds as one for money damages on plaintiff's second amended complaint, filed January 5, 2009, against defendants James Yates (Warden) and F. Igbanosa (Chief Medical Dr.) for violation of plaintiff's rights under the Eighth Amendment of the United States Constitution arising from plaintiff's valley fever claims;
3. All remaining claims are dismissed;
4. Plaintiff's Eighth Amendment aspartame claim is dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983;
5. Plaintiff's claims for injunctive relief are dismissed;
6. Plaintiff's request for appointment of counsel is denied, without prejudice; and
7. This action is referred to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

**Dated:   April 16, 2009**          /s/ Anthony W. Ishii
                                            CHIEF UNITED STATES DISTRICT JUDGE