# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAINE HUNTER, | 1:07-cv-00151-AWI-SMS-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED |
| v. | |
| YATES, et al., | |
| Defendants. | (Doc. 27.) |
| / | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

**I.   BACKGROUND**

Plaintiff Tremaine Hunter ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 29, 2006, at the Fresno County Superior Court. On January 24, 2007, defendants Yates and Igbinosa removed the action to federal court. (Doc. 1.) On February 26, 2007, Plaintiff filed the First Amended Complaint. (Doc. 8.) On December 1, 2008, the Court dismissed the First Amended Complaint for failure to state a claim, with leave to amend. (Doc. 20.) On January 5, 2009, Plaintiff filed the Second Amended Complaint against defendants James Yates and Felix Igbinosa ("Defendants"), for deliberate indifference in violation of the Eighth Amendment, for failing to protect him from being exposed to and contracting the disease known as Valley Fever. (Doc. 21.) On July 29, 2009, Defendants filed a motion to dismiss the complaint based on Plaintiff's failure to exhaust administrative remedies before filing suit. (Doc. 27.) On August 19, 2009, Plaintiff filed an

1

opposition to the motion.[1] (Doc. 30.) On August 27, 2009, Defendants filed a reply to Plaintiff's opposition. (Doc. 31.) Defendants' motion to dismiss is now before the Court.

## II. STATUTORY EXHAUSTION REQUIREMENT

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical procedural rules . . . ." is required, Woodford v. Ngo, 548 U.S. 81, 90 (2006), and may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." Id. at 83-84.

The PLRA requires a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions. 42 U.S.C. § 1997e(a). The Booth court held that the PLRA requires administrative exhaustion even where the grievance process does not permit award of money damages and prisoner seeks only money damages, as long as the grievance tribunal has authority to take some responsive action. Booth, 532 U.S. at 732. "The meaning of the phrase 'administrative remedies ... available' is the crux of the case." Id. at 731. In discussing the meaning of the term "remedy," the court noted that "depending on where one looks, 'remedy' can mean either specific relief obtainable at the end of a process of seeking redress, or *the process itself*, the procedural avenue leading to some relief." Id. at 738. (emphasis added.) Thus, the court determined that the language of the statute, which requires that the "available" "remed[y]" must be "exhausted" before a complaint under § 1983 may be entertained, refers to "exhaustion" of the *process available*. Id. at 738-739. (emphasis added.) It follows, then, that if an inmate exhausts the process that is made available to him, he has satisfied the requirement of the statute.

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on July 30, 2009. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.1 (9th Cir. 2003). (Doc. 28.)

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 215-16 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Id. at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

### III. MOTION TO DISMISS FOR FAILURE TO EXHAUST

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal.Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford, 548 U.S. at 85; McKinney v. Carey, 311 F.3d. 1198, 1199-1201 (9th Cir. 2002).

***Defendants' Motion***

Defendants bring a motion to dismiss the complaint pursuant to Rule 12(b), for Plaintiff's failure to exhaust administrative remedies before filing suit. Defendants submit evidence that between September 30, 2004, the date Plaintiff arrived at PVSP, and November 29, 2006, the date Plaintiff filed the complaint commencing this action, Plaintiff submitted no grievances that the PVSP Inmate Appeals Office accepted for review. (MTD at 4:6-10; Duran Decl. ¶5; Webster Decl. Exh. A; Cmp., Doc. 1.) Defendants also submit evidence that the Inmate Appeals Branch ("IAB") did not

3

accept any of Plaintiff's appeals for Director's Level Review between September 30, 2004 and November 29, 2006. (Grannis Decl. ¶4.)

### *Plaintiff's Opposition*

In his opposition, Plaintiff submits evidence that he submitted an appeal to PVSP on December 11, 2006, which was accepted for review and granted at the first formal level of review on February 9, 2007. (Opp'n at 1:15-25; Exh A-C.) In the appeal, Plaintiff requested verification from the medical staff that he was diagnosed with Valley Fever. (Exh A.) Plaintiff states that he did not appeal to a higher level because the appeal was "granted." (Opp'n at 5.) Plaintiff also submits evidence that he filed claims at the Victim Compensation and Government Claims Board, which were rejected. (Exh D, E.)

### *Defendants' Reply*[2]

Defendants reply that Plaintiff has not presented any evidence showing he exhausted his appeals before bringing this action. Defendants also argue that the appeal submitted by Plaintiff as evidence was filed two weeks after he filed the initial complaint in state court.

Defendants also make a new argument, that Plaintiff's appeal fails to provide notice to correctional staff of the claims he brought in this action.[3]

### *Plaintiff's Allegations and Claims*

Plaintiff is a state prisoner housed at PVSP in Coalinga, California. While housed at PVSP, Plaintiff learned that he had contracted the disease commonly known as Valley Fever. Plaintiff's Second Amended Complaint names PVSP's Warden, James Yates, and Chief Doctor, F. Igbinosa, as defendants. Plaintiff alleges that defendants Yates and Igbinosa ("Defendants") were aware of an excessively high risk of contracting Valley Fever within PVSP and that Defendants were also aware that Valley Fever is potentially fatal. According to the complaint, Defendants attempted to suppress information concerning the risk of Valley Fever at Pleasant Valley State Prison. Plaintiff

///

---

[2] Defendants filed their reply on August 27, 2009, after the deadline established by Local Rule 78-230(m). Defendants requested the Court's permission file the reply untimely. Good cause appearing, the request is granted.

[3] Defendants may not bring new arguments in their reply, as Plaintiff is not afforded an opportunity to file further opposition. Therefore, the new argument shall not be considered.

4

alleges that Defendants have a duty to cause Plaintiff to be transferred to a safer facility and that failure to do so constitutes deliberate indifference to his safety.

### *Discussion*

Plaintiff's complaint is based on the allegations that Defendants failed to take measures to prevent Plaintiff from contracting Valley Fever beginning on September 30, 2004, when he arrived at PVSP. Defendants' records show that Plaintiff did not submit any appeal which was accepted by Appeals Office at PVSP or the IAB between the time he arrived at PVSP and November 29, 2006, the date he filed this lawsuit at Fresno Superior Court. (Duran Decl. ¶5; Webster Decl. Exh. A; Grannis Decl. ¶4.) Plaintiff only submits evidence that he submitted an appeal to PVSP in December 2006, which was after the date he filed this lawsuit.[4] (Opp'n at 1:15-25; Exh A-C.) The Court reviewed Plaintiff's complaints but found no evidence of exhaustion.[5] Defendants have presented sufficient evidence showing that Plaintiff did not follow the required process pursuant to § 3084.1 et seq. to satisfy § 1997e(a), and Plaintiff has provided no evidence to the contrary. Therefore, Defendants are entitled to dismissal of this action in its entirety.

## IV.     CONCLUSION AND RECOMMENDATION

Defendants have met their burden of demonstrating that Plaintiff failed to exhaust his remedies prior to filing suit, in compliance with § 1997e(a). Defendants have shown an absence in the official records of any evidence that Plaintiff filed an inmate appeal pursuant to Title 15 of the California Code of Regulations § 3084.1, et seq., concerning Plaintiff's allegations in the complaint against Defendants. Plaintiff has not submitted evidence of any appeals that satisfy the exhaustion requirement. Therefore, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss, filed July 29, 2009, be GRANTED, and this action be dismissed in its entirety, based on Plaintiff's failure to exhaust.

---

[4] Even if Plaintiff were to argue that the removal date, January 24, 2007, is the date his suit was filed, Plaintiff's appeal, granted at the first level of review on February 9, 2007, could not have been exhausted prior to filing suit.

[5] In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. Plaintiff signed the original complaint, First Amended Complaint, and Second Amended Complaint under penalty of perjury. Therefore, Plaintiff's opposition to the motion to dismiss is based in part on the evidence in his verified complaints and their accompanying exhibits, if any.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty (30) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     February 4, 2010**                              /s/ Sandra M. Snyder
                                                          UNITED STATES MAGISTRATE JUDGE